UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LEONARD HARTMAN

VERSUS

SYNTHES, INC., ET AL

CIVIL ACTION

NUMBER 14-472-JJB-SCR

**ORDER TO AMEND COMPLAINT**

Plaintiff filed a Complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. As to each of the 10 defendants, the plaintiff alleged that the defendant is either "a foreign corporation organized under the laws of the State of Delaware and doing substantial business in Louisiana," or "a foreign corporation organized under the laws of the State of Massachusetts and doing substantial business in Louisiana," or "a foreign limited liability company organized under the laws of the State of Delaware and doing substantial business in Louisiana."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is a citizen of every state

---

[1] Record document number 1, Complaint, ¶ 4.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Plaintiff's jurisdictional allegations are not sufficient to determine whether there is diversity of citizenship. Plaintiff failed to allege the state where each corporate defendant has its principal place of business. Plaintiff failed to identify the members of the limited liability company defendants and allege each member's citizenship. The allegation that a defendant does substantial business in Louisiana is not sufficient to conclude that Louisiana is the state where the defendant has its principal place of business.

Therefore;

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

IT IS ORDERED that plaintiff shall have ten days to file an amended complaint which properly alleges the citizenship of each defendant.

**Failure to comply with this order may result in the plaintiff's Complaint being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, August 6, 2014.

                                                                                      *Stephen C. Riedlinger*
                                                                                      STEPHEN C. RIEDLINGER
                                                                                      UNITED STATES MAGISTRATE JUDGE